UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
George C. Young U.S. Courthouse
and Federal Building
Office of the Clerk
80 North Hughey Avenue
Orlando, Florida 32801
407/835-4200

**FILED**

OCT 2 5 2006

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND

Sheryl L. Loesch
Clerk

Laura Barsamian
Orlando Division Manager

October 17, 2006

Mr. Richard W. Weiking, Clerk
United States District Court
Ronald V. Dellums Federal Building
1301 Clay Street, Suite 400S
Oakland, CA 94612-5217

RE:   MDL-1769 – In Re: Seroquel Products Liability Litigation

Dear Mr. Weiking:

    Enclosed is one certified copy of an order filed by the Panel under 28 U.S.C. § 1407. Section 1407 requires that the transferee clerk "transmit a certified copy of the Panel's order to transfer to the clerk of the district court from which the action is being transferred." A copy of Rule 1.6, R.P.J.P.M.L., 120 F.R.D. 251, which deals specifically with the transfer of files, is enclosed for your convenience.

    Please send your original case file below and a certified copy of the docket sheet to:

U.S. District Court
80 N. Hughey Ave., Suite 300
Orlando, FL 32801

    Due to the large volume of cases on this Conditional Transfer Order, it would be very much appreciated if you could be sure to reference the Middle District of Florida's case number on each of your cases. If you have any questions, please contact me at 407-835-4203.

Sincerely,

Mollie A. Pleicones
Deputy Clerk

Enclosures
c:   Michael J. Beck, Clerk, MDL Panel

| CASE STYLE | NDCA CASE NUMBER | MD FL CASE NUMBER |
|---|---|---|
| Merryweather v. AstraZeneca, et al. | 4:06-cv-1229 | 6:06-cv-1603-Orl-22DAB |

A CERTIFIED TRUE COPY
OCT 10 2006
ATTEST
FOR THE JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

FILED SEP 21 2006

FILED
2006 OCT 13 PM 3:58 CLERK'S OFFICE
U.S. DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO, FLORIDA

*DOCKET NOS. 1596 AND 1769*

## BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

*MDL-1596 -- IN RE ZYPREXA PRODUCTS LIABILITY LITIGATION*
*MDL-1769 -- IN RE SEROQUEL PRODUCTS LIABILITY LITIGATION*

*Frances Merryweather v. AstraZeneca Pharmaceuticals, LP, et al.,*
  N.D. California, C.A. No. 4:06-1229

### MDL-1596 CONDITIONAL TRANSFER ORDER (CTO-69)
### WITH SEPARATION, REMAND AND
### MDL-1769 CONDITIONAL TRANSFER ORDER (CTO-9)

On April 14, 2004, the Panel transferred six civil actions to the United States District Court for the Eastern District of New York for coordinated or consolidated pretrial proceedings in MDL-1596 pursuant to 28 U.S.C. § 1407. *See* 314 F.Supp.2d 1380 (J.P.M.L. 2004). Since that time, 1,325 additional actions have been transferred to the Eastern District of New York. With the consent of that court, all such actions have been assigned to the Honorable Jack B. Weinstein.

On July 6, 2006, the Panel transferred 87 civil actions to the United States District Court for the Middle District of Florida for coordinated or consolidated pretrial proceedings in MDL-1769 pursuant to 28 U.S.C. § 1407. *See* ___ F.Supp.2d ___ (J.P.M.L. 2006). Since that time, 78 additional actions have been transferred to the Middle District of Florida. With the consent of that court, all such actions have been assigned to the Honorable Anne C. Conway.

It appears that the action on this conditional transfer order involves questions of fact that are common to: 1) the actions in MDL-1596 previously transferred to the Eastern District of New York and assigned to Judge Weinstein; and 2) the actions in MDL-1769 previously transferred to the Middle District of Florida and assigned to Judge Conway. This action comprises two sets of claims, as follows: 1) claims relating to the prescription drug Zyprexa, which involve common questions of fact with the previously transferred MDL-1596 actions; and 2) claims relating to the prescription drug Seroquel, which involve common questions of fact with the previously transferred MDL-1769 actions.

Inasmuch as no objection is
pending at this time, the
stay is lifted.

OCT 10 2006

CLERK'S OFFICE
JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

I certify the foregoing to be a true
and correct copy of the original.
SHERYL L. LOESCH, Clerk
United States District Court
Middle District of Florida
By _____ Deputy Clerk

Case 4:06-cv-01229-CW   Document 21   Filed 10/25/06   Page 3 of 4
Case 6:06-md-01769-ACC-DAB   Document 46   Filed 10/18/2006   Page 2 of 2

-2-

Pursuant to Rule 7.4 of the <u>Rules of Procedure of the Judicial Panel on Multidistrict Litigation,</u> 199 F.R.D. 425, 435-36 (2001), this action is transferred under 28 U.S.C. § 1407 to the Eastern District of New York for the reasons stated in the MDL-1596 transfer order of April 14, 2004, and, with the consent of that court, assigned to the Honorable Jack B. Weinstein.

The claims in this action relating to Seroquel are hereby separated and simultaneously remanded, under 28 U.S.C. § 1407(a), to the Northern Distict of California.

Pursuant to Rule 7.4 of the <u>Rules of Procedure of the Judicial Panel on Multidistrict Litigation,</u> 199 F.R.D. 425, 435-36 (2001), the resulting Seroquel action is transferred under 28 U.S.C. § 1407 to the Middle District of Florida for the reasons stated in the MDL-1769 transfer order of July 6, 2006, and, with the consent of that court, assigned to the Honorable Anne C. Conway.

This order does not become effective until it is filed in the offices of i) the Clerk of the United States District Court for the Eastern District of New York, and ii) the Clerk of the United States District Court for the Middle District of Florida. The transmittal of this order to said Clerks shall be stayed 15 days from the entry thereof. If any party files a notice of opposition with the Clerk of the Panel within this 15-day period, the stay will be continued until further order of the Panel.

FOR THE PANEL:

Jeffery N. Lüthi
Clerk of the Panel



RULE 1.6:   TRANSFER OF FILES

(a)   Upon receipt of a certified copy of a transfer order from the clerk of the transferee district court, the clerk of the transferor district court shall forward to the clerk of the transferee district court the complete original file and certified copy of the docket sheet for each transferred action.

(b)   If an appeal is pending, or a notice of appeal has been filed, or leave to appeal has been sought under 28 U.S.C. § 1292(b) or a petition for an extraordinary writ is pending, in any action included in an order of transfer under 28 U.S.C. § 1407, and the original file or parts thereof have been forwarded to the court of appeals, the clerk of the transferor district court shall notify the clerk of the court of appeals of the order of transfer and secure the original file long enough to prepare and transmit to the clerk of the transferee district court a certified copy of all papers contained in the original file and a certified copy of the docket sheet.

(c)   If the transfer order provides for the separation and simultaneous remand of any claim, cross-claim, counterclaim, or third-party claim, the clerk of the transferor district court shall retain the original file and shall prepare and transmit to the clerk of the transferee district court a certified copy of the docket sheet and copies of all papers except those relating exclusively to separated and remanded claims.

(d)   Upon receipt of an order to remand from the Clerk of the Panel, the transferee district court shall prepare and sent to the clerk of the transferor district court the following:
   (i)   a certified copy of the individual docket sheet for each action being remanded;
   (ii)  a certified copy of the master docket sheet, if applicable;
   (iii) the entire file for each action being remanded, as originally received from the transferor district court and augmented as set out in this rule;
   (iv)  a certified copy of the final pretrial order, if applicable; and
   (v)   a "record on remand" to be composed of those parts of the files and records produced during coordinated or consolidated pretrial proceedings which have ben stipulated to or designated by counsel as being necessary for any or all proceedings to be conducted following remand. It shall the responsibility of counsel originally preparing or filing any document to be included in the "record on remand" to furnish on request sufficient copies to the clerk of the transferee district court.

(e)   The Clerk of the Panel shall be notified when any files have been transmitted pursuant to this Rule.